**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

OUTSIDE LEGAL COUNSEL PLC,
    Plaintiff,

v.

DANIEL J. RUBIN and
JUSTDROPPED.COM, INC
    Defendants

                                       /

Case No.: 1:13-cv-13231
Honorable Thomas L. Ludington

**COMPLAINT**

PHILIP L. ELLISON (P74117)
OUTSIDE LEGAL COUNSEL PLC
Attorney for Outside Legal Counsel PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

**COMPLAINT**

    NOW COMES OUTSIDE LEGAL COUNSEL PLC, and as its complaint states as follows:

**PARTIES**

    1.    Plaintiff OUTSIDE LEGAL COUNSEL PLC is a professional limited liability company formed under the laws of the State of Michigan.

    2.    On information and belief, Defendant DANIEL J. RUBIN is a resident of the State of Florida.

    3.    On information and belief, Defendant JUSTDROPPED.COM INC is a corporation formed under the laws of the State of Florida with its principal offices located at 2211 S.W. 102 DRIVE, DAVIE, FL 33324

**JURISDICTION**

    4.    This Court has subject matter jurisdiction over the claims arising under federal law pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff alleges violations of the *Anti-Cybersquatting Protection Act of 1999*, 15 U.S.C. § 1125(d).

5. This Court has personal jurisdiction over the Defendants because Defendants' unlawful activities targets Plaintiff, which Defendants knows is headquartered and located within this judicial district in Michigan; because Defendants engaged in acts or omissions causing injury within this district; and/or because the claim alleged in this Complaint arises out of or relate to Defendants' forum-related activities.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because this district is where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property (i.e. Plaintiff's service-mark) that is the subject of the action is situated.

## GENERAL ALLEGATIONS

7. This matter is brought to the court over Defendant's on-going and patently illegal cyber-squatting business and its illegal squatting in regards to the domain name OUTSIDELEGALCOUNSEL.COM.

8. Plaintiff is a law firm located in Saginaw County, Michigan which provides legal services under the service mark of Outside Legal Counsel.

9. Plaintiff has continuously used its mark in intrastate commerce within the State of Michigan in connection with proffered legal services since 2010.

10. Plaintiff has previously purchased and maintained the domain names of OLCPLC.COM and OUTSIDELEGALCOUNSELPLC.COM in furtherance of said mark.

11. At or near the time of Plaintiff's incorporation, a third-party owned and utilized the domain name OUTSIDELEGALCOUNSEL.COM as part of its professional operations and was not available for purchase and registration by Plaintiff.

12. On information and belief, this third-party did not opt to renew its continued registration of OUTSIDELEGALCOUNSEL.COM and the registration ceased.

13. On or about July 19, 2013, Defendant RUBIN registered the OUTSIDELEGALCOUNSEL.COM domain name through DYNADOT.

14. DYNADOT is an ICANN approved registrar. See http://www.icann.org/registrar-reports/accredited-list.html

15. By registering this domain with an official ICANN registrar, Defendants are subject to the *Uniform Domain-Name Dispute-Resolution Policy*, which requires Defendants to not transfer domain name registration to another holder during a pending court proceeding or arbitration commenced regarding disputed domain name(s) unless the party to whom the domain name registration is being transferred agrees, in writing, to be bound by the decision of the court or arbitrator. See Uniform Domain Name Dispute Resolution Policy (as adopted by Dynadot) ¶8(a), *available at* http://www.dynadot.com/icann_dispute.html.

OUTSIDE LEGAL COUNSEL PLC   www.olcplc.com

16. Plaintiff will, upon the filing of this Complaint, send a copy of this Complaint to DYNADOT regarding the dispute over the OUTSIDELEGALCOUNSEL.COM domain name by email, fax, and US mail.

17. Defendant RUBIN does not operate any business, hold any mark, or has any right to any name related to OUTSIDELEGALCOUNSEL.COM.

18. On information and belief, Defendant RUBIN purchased this recently de-registered domain name <u>solely</u> for the purpose to re-sell it as hundreds of times its registration cost as a cyber-squatter.

19. Cybersquatting is the practice of registering, trafficking in, or using a domain name with bad faith intent to profit from the goodwill of a trademark belonging to someone else.

20. In other words, cybersquatting is an attempt to ransom the sale of a domain name to the true owner of a trademark or service-mark for substantial profit over registration costs.

21. On or about July 23, 2013 (being less than a week after becoming owner of OUTSIDELEGALCOUNSEL.COM), Michelle Rubin, on information and belie an agent of both defendants (and on information and belief the wife of Defendant RUBIN) contacted Plaintiff through Plaintiff's online website contact form (*www.olcplc.com/public/contact*) stating as follows:

> *Hi-*
>
> *We own the domain name OutsideLegalCounsel.com and think it would be a great fit for your business! We are only asking $488 for the domain name which is a one time fee. This is a very low price for a targeted, often searched domain name! If you get 1 NEW CUSTOMER this name will have paid for itself immediately.*
>
> *You can convert the traffic from this domain to your main website, or build the domain into a website of its own. Do not lose your chance to own this domain to one of your competitors. Domains such as this are becoming extremely expensive and will no longer be available in a few short years!*
>
> *I am sending this email to a few parties I feel could put the domain to good use. Please let me know if you are interested or if you have any questions about the next step to purchase it.*
>
> *Thanks,*
>
> *Michelle*

22. A copy of this communication is attached as **Exhibit A**.

23. A second and substantively identical communication was received by Plaintiff through its online Facebook account from the same person identified as Michelle Rubin also on July 23, 2013.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

24. A copy of the Facebook communication is attached as **Exhibit B.**

25. According to official WHOIS records, the OUTSIDELEGALCOUNSEL.COM domain name was only recently registered by Defendant RUBIN. See **Exhibit C**.

26. A search of the Florida Department of State, Division of Corporations reveals that Defendant JUSTDROPPED.COM's registered agent is Defendant RUBIN. See **Exhibit D**.

27. On information and belief, Defendant RUBIN is the owner and sole shareholder of Defendant JUSTDROPPED.COM.

28. On information and belief, Defendants, collectively or individually, together with known and unknown agents including Michelle Rubin, are engaging in or have in the past engaged in a cybersquatting scheme to exploit and profit from Internet names that are identical or are nearly identical to trademarks and service-marks owned by others, including Plaintiff's own service-mark.

### COUNT I - VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (ACPA) OF 1999

29. Plaintiff reincorporates the above made allegations within this count as if set forth word for word within.

30. Plaintiff is the owner of the mark "Outside Legal Counsel" or alternative is Plaintiff's personal name that is treated and protected under law.

31. The distinctive quality of Plaintiff's mark is an important and value asset of Plaintiff.

32. Plaintiff began using its distinctive mark prior to Defendants' unauthorized and unlawful activities complained of herein.

33. Defendants, individual or collectively, have registered, traffic in, or used the domain name "OUTSIDELEGALCOUNSEL.COM" which is identical or confusingly similar to Plaintiff's mark.

34. Defendants, individually or collectively, registered the OUTSIDELEGALCOUNSEL.COM domain name with bad-faith intent to profit from the fame and goodwill associated with Plaintiff and Plaintiff's mark.

35. The OUTSIDELEGALCOUNSEL.COM domain name consists of the legal name of Plaintiff and is a name that is otherwise commonly used to identify Plaintiff.

36. Neither Defendant has any current or prior use of the OUTSIDELEGALCOUNSEL.COM domain name in connection with the bona fide offering of any goods or services.

37.     Defendants, individually or collectively, have offered to transfer, sell, or otherwise assign the OUTSIDELEGALCOUNSEL.COM domain name to the mark owner, being Plaintiff, without having used, or having an intent to use the OUTSIDELEGALCOUNSEL.COM domain name in the bona fide offering of any goods or services.

38.     Defendants have a pattern of behavior of offering to transfer, sell, or otherwise assign domain names to the mark owner as part of Defendant JUSTDROPPED.COM's sole business operation, an illegal business under federal law.

39.     As part of its WHOIS listing, Defendant RUBIN has provided misleading false contact information when applying for the registration of the domain name by listing an invalid and otherwise outdated mailing address.

40.     Defendants engaged in the conduct described in this Complaint without Plaintiff's consent or authorization.

41.     Defendants have engaged in their domain registration scheme purely for commercial gain by ransom and are unconnected to any business or purpose for the OUTSIDELEGALCOUNSEL.COM domain name.

42.     Defendants' conduct constitutes a knowing and willful violation of Plaintiff's rights under 15 U.S.C. § 1125(d).

43.     Defendants' conduct has caused irreparable harm and injury to Plaintiff and, unless enjoined, will cause further irreparable injury for which Plaintiff has no adequate remedy at law.

44.     Plaintiff is entitled to injunctive relief against Defendants, as well as all other remedies available under the Act, including, but not limited to, transfer of Defendants' rights to the OUTSIDELEGALCOUNSEL.COM domain name to Plaintiff or cancellation of said domain name to Plaintiff and statutory damages in an amount up to $100,000.00.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays this Court enter a final judgment granting Plaintiff all of the following:

a.     an order permanently enjoining and restraining Defendants from engaging in any infringing acts involving Plaintiff's mark as it applies to the OUTSIDELEGALCOUNSEL.COM domain name;

b.     an order transferring owner of the OUTSIDELEGALCOUNSEL.COM domain name from Defendants to Plaintiff, or alternatively an order cancelling Defendants' registration of the OUTSIDELEGALCOUNSEL.COM domain name;

c.     an order awarding Plaintiff statutory damages in an amount up to $100,000.00 as authorized by the *Anti-Cybersquatting Protection Act of 1999* pursuant to 15 U.S.C. § 1117(d);

OUTSIDE LEGAL COUNSEL PLC   www.olcplc.com

      d.    awarding Plaintiff is reasonable costs and attorney fees;

      e.    awarding all pre- and post-interest; and

      f.    award Plaintiff all other relief this Court deemed just and proper.

Dated: July 28, 2013              RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
Phone: (989) 642-0055
Fax: (888) 398-7003
Email: pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com